FILED
April 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002538492

McNUTT LAW GROUP LLP
MICHAEL A. SWEET (CSBN 184345)
DALE L. BRATTON (CSBN 124328)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Michael Kasolas, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

JAMES STANTON GEYER and
LINDA LEANN GEYER,

Debtors.

Case No. 09-42577
Chapter 7

DC No. MLG-004

**TRUSTEE'S OBJECTION TO CERTAIN EXEMPTIONS CLAIMED BY DEBTORS**

Date: April 27, 2010
Time: 9:30 a.m.
Place: Courtroom 35
501 I Street, 6th Floor
Sacramento, CA 95814
Judge: Hon. Christopher M. Klein

1. Chapter 7 Trustee Michael Kasolas ("Trustee") moves the Court pursuant to Bankruptcy Code § 522(*l*) and Rule 4003 of the Federal Rules of Bankruptcy Procedure for an order denying exemption ("Objection") for certain assets listed in the schedules and statements filed by debtors James Stanton Geyer and Linda Leann Geyer ("Debtors"). The Trustee contends that certain assets either scheduled as exempt, or otherwise noted as exempt, by Debtors within their schedules and statements should not be exempted, but should instead continue to be property

of the bankruptcy estate and administered by the Trustee. The Trustee believes that the Debtors have acted in bad faith in amending their schedules to attempt to exempt certain property. The assets that are the subject of this Objection are identified as follows:

<u>Corporate stock</u> held by Debtors in Alsco – Geyer Irrigation, Inc.

In support of this Objection, the Trustee submits as follows.

## JURISDICTION AND RELIEF REQUESTED

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

3. The Trustee requests that certain assets (identified above) be determined not to be exempt, but instead to be property of the estate to be administered by the Trustee for the benefit of creditors. Authority to grant the relief requested is provided by § 522(*l*) of the Bankruptcy Code and Rule 4003 of the Federal Rules of Bankruptcy Procedure. Trustee alleges that the Debtors have acted in bad faith in attempting to exempt the property.

## BACKGROUND AND FACTS

4. On October 19, 2009, this bankruptcy case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code by the Debtors. The Debtors are individuals. The Debtors have been in the business of farming almond orchards in Colusa County. According to their schedules, their farming operation was conducted on 20 acres of leased lands, and on 80 acres of owned land that was lost to foreclosure in July 2009. The Debtors are also shareholders in a closely-held California corporation, Alsco – Geyer Irrigation, Inc. ("Alsco").

5. The Trustee has reviewed the Debtors' schedules of asset and liabilities, amended schedules, and conducted a § 341 hearing at which he examined the Debtors. Declaration Of Michael Kasolas In Support Of Trustee's Objection To Certain Exemptions Claimed By Debtors ("Kasolas Decl."), filed concurrently, ¶¶ 4, 7(b).

### Stock in Closely Held Corporation

6. Debtors hold stock in a closely held California corporation, Alsco - Geyer Irrigation, Inc. ("Alsco"). Their shares amount to approximately an 8% interest in Alsco. Based

on the Trustee's inquiries, and his examination of the Debtors at the § 341 hearing in this case, Alsco provides auxiliary services, such as irrigation equipment, to farming operations in the Arbuckle, California, area. Kasolas Decl., ¶ 5.

7. Debtors originally listed the Alsco stock on their Schedule C, specified a value of $1.00 for it, and claimed it as exempt. The Debtors also originally listed the Alsco stock on their Schedule B, in item 13, also there indicating a value of $1.00.

8. The Trustee examined the Debtors on the Alsco stock, and also demanded that they provide information and documents related to the Alsco stock. The requested information included Alsco financial statements for the most recent three years, articles of incorporation and bylaws, corporate minutes, annual reports to shareholders, and the like. The Debtors' responses have been less than satisfactory. Nevertheless, from them the Trustee has obtained corporate tax returns on Form 1120 – U.S. Corporation Income Tax Return – filed by Alsco for 2007 and 2008 (without all of the attachments to the returns). Kasolas Decl., ¶ 7, and Exhibits A and B. Each of these returns includes substantial financial statement information for that year for the Alsco corporation. The Trustee has analyzed the financial statements of Alsco that are contained within the returns, and it is apparent that Alsco has substantial economic value. Id.

    a. In 2007 Alsco had gross revenues of over $14 million. (Form 1120 line 1) Alsco had net income of $278,474. (Form 1120 line 30) It had cumulative retained earnings (equity) of $1,145,783. (Form 1120 Schedule L line 25). (This return is Exhibit C to the Kasolas Declaration.) Debtors' 8% interest in the net income would have been approximately $22,000. Debtors' 8% interest in the equity in the corporation was approximately $90,000.

    b. In 2008 Alsco had gross revenues of over $16 million. (Form 1120 line 1) Alsco had net income of $691,532. (Form 1120 line 30) It had cumulative retained earnings (equity) of $1,158,054. (Form 1120 Schedule L line 25). (This return is Exhibit B to the Kasolas Declaration.) Debtors' 8% interest in the net income would have been approximately $55,000. Debtors' 8% interest in the equity in the corporation was approximately $90,000.

9. It is apparent that the value of the Alsco stock held by Debtors is substantially greater than $1.00 – as has now been conceded by Debtors. The value may be well over $90,000.

10. On March, Debtors amended their schedules to remove the exemptions from the leases and to claim a $12,233.74 on the stock. Kasolas Decl., ¶ 13.

## LEGAL BASIS FOR GRANTING RELIEF

11. Under the Bankruptcy Code, property claimed as exempt by a debtor is removed from property of the estate and remains debtor's property unless a party in interest, which may be the trustee, timely objects to exempt status. 11 US.C. § 522(*l*). A Chapter 7 trustee has "30 days after any amendment to the list or supplemental schedules is filed" to object to exempt status of particular property. Fed. R. Bankr. P. 4003(b). The Debtors amended their schedules and exemptions on March 8, 2010, and therefore this Objection is timely.

12. To make property exempt, a debtor must follow the prescribed procedure for stating a claim of exemption. This requires listing the property to be exempted on Schedule C – Property Claimed As Exempt. "A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed under Rule 1007." Fed. R. Bankr. P. 4003(a). Schedule C is an official form mandated for this purpose. It requires identification of the asset, the state law basis for claiming the asset as exempt, and the dollar amount claimed as exempt.

13. Debtors originally listed the Alsco stock on Schedule C, stated a state law basis for exemption, and stated the stock as having a value of $1.00. However, it is worth far more than $1.00. Its value may be more than $90,000, and Debtor's amended their schedules to show a value of 12,233.74. Evidence for this value is to be found in the corporate tax returns of Alsco, submitted to the Trustee by Debtors in response to his demand for information concerning Alsco and its value. Alsco had gross revenues of over $14 million and net income of $278,474 in 2007. Kasolas Decl., ¶ 11. Alsco had gross revenues of over $16 million and net income of $691,532 in 2008. Id. Alsco's shareholder equity was $1,145,783 in 2007 and $1,158,054 in 2008. Id. An 8% interest in this corporation is not valueless, as Debtors tried to make it appear.

/ / /

/ / /

14. It is quite apparent that Debtors' interest in the Alsco stock was worth far more than the $1.00 value they had attributed to it for exemption purposes – as has now been made clear. They previously used all their exemptions. They have amended their schedules to free up some exemptions, and have listed the value of the stock as $12,233.74.

15. Debtor's amendment of their schedules was done in bad faith. Debtor's previously listed the value of the stock as $1.00 and testified at their 341 hearing that it was valueless. Claiming it is now worth $12,233.74 is simply gaming the system, and should not be countenanced.

16. Accordingly, the Trustee's Objection to exempt status for the Alsco stock (except for $1.00), should be granted.

### 17. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order:

Determining the Alsco are not exempt property, but are property of the bankruptcy estate, to be administered for the benefit of creditors; and

Dated: April 6, 2010          McNUTT LAW GROUP LLP

By:    /s/ Douglas C. Graham
      Douglas C. Graham
Attorneys for Michael Kasolas, Chapter 7 Trustee