McNUTT LAW GROUP LLP
MICHAEL A. SWEET (CSBN 184345)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Michael Kasolas, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

JAMES STANTON GEYER and
LINDA LEANN GEYER,

Debtors.

Case No. 09-42577
Chapter 7

DC No. MLG-006

**MOTION TO APPROVE SALE OF PROPERTY**

Date: April 5, 2011
Time: 9:30 a.m.
Place: Courtroom 35
501 I Street, 6th Floor
Sacramento, CA 95814
Judge: Hon. Christopher M. Klein

Michael Kasolas ("Trustee"), the duly appointed Chapter 7 trustee in bankruptcy for the estate of James Stanton Geyer and Linda Leann Geyer (the "Debtors"), requests (the "Motion") that this Court enter an order pursuant to Bankruptcy Code §363 approving the sale of property of the Estate. The shares are endorsed with a restriction that would make a public sale difficult. Specifically Trustee seeks approval of the sale of 1,600 shares of Alsco-Geyer Irrigation, Inc. and 600 shares of Advanced Irrigation, Inc., to Charles Geyer in exchange for $20,000.

In support of this Motion, the Trustee submits as follows.

# I.
## JURISDICTION AND RELIEF REQUESTED

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Authority to approve a sale exists pursuant to 28 U.S.C. §363.

# II.
## BACKGROUND AND FACTS

On October 19, 2009, this bankruptcy case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code by the Debtors. The Debtors are individuals. The Debtors have been in the business of farming almond orchards in Colusa County. According to their schedules, their farming operation was conducted on 20 acres of leased lands, and on 80 acres of owned land that was lost to foreclosure in July 2009.

The Trustee has reviewed the Debtors' schedules of asset and liabilities, and conducted a § 341 hearing at which he examined the Debtors. The only remaining assets in the estate are 1,600 shares of Alsco-Geyer Irrigation, Inc., and 600 shares of Advanced Irrigation, Inc. The shares are in two closely held, family owned companies. The Trustee has negotiated a sale of the shares to one of the other shareholders, Charles Geyer, for a total price of $20,000. The Stock Purchase Agreement is attached hereto as **Exhibit A**. The Trustee believes that this is a fair price, and that the deal is in the best interest of the estate and all creditors.

# III.
## DISCUSSION

Section 363 of the Bankruptcy Code provides that a Trustee may sell property of a bankruptcy estate. *See* 11 U.S.C. § 363(b). In addition, courts that have addressed the issue of a sale of all assets outside the ordinary course of business generally apply standards for court approval of such a sale. Most courts require a "business justification" for the transaction. *In re Equity Funding Corp. of America*, 492 F.2d 793 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *In Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19

(9th Cir. B.A.P. 1988) (there must be some articulated business justification for using, selling or leasing the property outside of the ordinary course of business).

Sale of property in a chapter 7 estate should be approved if the Court determines that the proposed sale is in the best interest of the estate. *WBQ Partnership v. Virginia*, 189 B.R. 97 (Bankr. E.D. Va. 1995).

Sale of the shares for $20,000 is in the best interest of the estate. The Trustee believes this amount to be reasonable, particularly because the costs of a public sale are avoided. The shares are endorsed with a restrictive covenant that would make sale to an outsider difficult – and could require litigation.

## IV.

## CONCLUSION

Based on the foregoing, Trustee respectfully requests an order approving the sale of the shares to Charles Geyer for a payment in the amount of $20,000.

DATED: March 11, 2011          McNUTT LAW GROUP LLP

By:     */s/ Douglas C. Graham*
        Douglas C. Graham
        Attorneys for Michael Kasolas, Chapter 7 Trustee

# Exhibit A

# STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT is made by, between and among MICHAEL G. KASOLAS, Trustee of the bankruptcy estate of James Geyer and Linda Geyer, Case Number 09-42577, United States Bankruptcy Court, Eastern District of California (referred to herein as "Seller") and CHARLES GEYER ("Buyer"). James Geyer and Linda Geyer are shareholders of Alsco-Geyer Irrigation, Inc., a California corporation ("Alsco") and Advanced Irrigation Rental, Inc., a California corporation ("Advanced Irrigation). The effective date of this Agreement is February 23, 2011 ("Effective Date").

1. The Transaction.

    1.1. Sale and Purchase of Stock. Subject to the terms and conditions of this Agreement, at the Closing and on the Closing Date (hereafter defined):

        1.1.1. Shares. Seller shall sell, transfer and assign to Buyer and Buyer shall purchase and acquire from Seller One Thousand Six Hundred (1,600) of the issued and outstanding shares of Alsco ("Alsco Shares") and Six Hundred (600) of the issued and outstanding shares of Advanced Irrigation ("Advanced Irrigation Shares"). The Alsco Shares and the Advanced Irrigation Shares collectively shall be referred to as the "Shares".

2. Purchase Price.

    2.1. Amount of the Purchase Price. The purchase price for the Shares which Buyer shall pay to Seller and Seller shall accept from Buyer shall be as set forth in Section 2.3 ("Purchase Price").

    2.2. Payment of Purchase Price. The Purchase Price shall be payable to Seller in negotiable funds at the Closing.

    2.3. Purchase Price. The Purchase Price for the Shares shall be the sum of Twenty Thousand Dollars ($20,000.00).

3. "Closing" and "Closing Date". The transfers and deliveries to be made pursuant to this Agreement (the "Closing") shall take place within ten (10) days after the approval of the sale by the United States Bankruptcy Court, Eastern District of California, or at such other date as the parties shall mutually determine (the "Closing Date") at 9:00 a.m. at the offices of Alsco, or at such other time and place as the parties may otherwise mutually agree.

4. Representations and Warranties of Seller. Seller, jointly and severally, hereby unconditionally represent and warrant to Buyer that:

4.1. <u>Stock Ownership</u>. Seller owns, legally and beneficially, the Shares. There are no outstanding securities or agreements under the terms of which the holders thereof or the parties thereto or the beneficiaries thereof have the right to acquire, by purchase, exchange or otherwise, the Shares.

4.2. <u>Title to Shares</u>. Seller is the owner of and has good and marketable title to all the Shares, free and clear from all liens, encumbrances and security interests whatsoever. No other person has any right to the use or possession of any of the Shares. No currently effective financing statement under the Uniform Commercial Code with respect to any of the Shares has been filed in any jurisdiction and Seller has not signed any such financing statement or any security agreement authorizing any secured party thereunder to file any such financing statement.

4.3. <u>No Consents</u>. Except as set forth in Section 7.2., no consent of any governmental or judicial authority is required for the execution and delivery by Seller of this Purchase Agreement and the other documents and instruments required or contemplated herein or therein or the consummation of the transactions to be consummated by Seller hereunder. No consent of any party to any arrangement to which Seller is a party or to which the Shares are subject is required for the execution, performance or consummation of this Purchase Agreement and such other documents and instruments by Seller, except as otherwise disclosed previously to Buyer.

4.4. <u>Full Disclosure</u>. Seller has disclosed to Buyer all material facts relating to the Shares. Seller does not have knowledge of any fact or circumstance relating to the Shares that could adversely affect the Shares.

4.5. <u>Accuracy at Closing</u>. Seller's representations and warranties contained in this Section 4 will be accurate, true and correct on and as of the Closing Date as though made at such date in identical language.

5. <u>Representations and Warranties of Buyer</u>.

Buyer hereby unconditionally represents and warrants to Seller that:

5.1. <u>Authority; Binding Effect</u>. Buyer has the full corporate power and authority to make, execute, deliver and perform this Purchase Agreement, and the other instruments or documents required or contemplated herein, to perform its obligations hereunder.

5.2. <u>Consents</u>. No consent of any governmental or judicial authority is required for the execution and delivery by Buyer of this Agreement and the other instruments and documents required or contemplated herein.

5.3. <u>Accuracy at Closing</u>. Buyer's representations and warranties contained in this Section 5 will be accurate, true and correct as of the Closing Date as though made at such date in identical language.

6. <u>Covenants of Seller</u>. Seller covenants and agrees with Buyer that after the Closing, and for no further consideration, Seller shall perform all such other actions and shall execute, acknowledge and deliver and shall cause to be executed, acknowledged and delivered such assignments, transfers, consents, accountants' opinions and certificates, and other documents as Buyer may reasonably request to vest in Buyer and protect Buyer's right, title and interest in the enjoinment of the Shares.

7. <u>Conditions to Obligations of Buyer</u>. All obligations of Buyer under this Purchase Agreement are subject to the satisfaction prior to or at the Closing of each of the following conditions:

7.1. <u>Representations and Warranties</u>. The representations and warranties of Seller set forth herein, in any Schedule hereto and in any letter, statement, certificate or other document delivered to Buyer pursuant hereto or in connection with the transactions contemplated hereby shall have been true and correct when made and shall be true and correct at and as of the Closing, except as affected by the transactions contemplated hereby.

7.2. <u>Bankruptcy Court Approval</u>. The United States Bankruptcy Court, Eastern District of California, in Case Number 09-42577, Debtors James Geyer and Linda Geyer, shall have finally and unconditionally approved this Agreement and the transactions contemplated hereby.

7.3. <u>Other Approvals</u>. All corporate and other proceedings in connection with the purchase and sale of the Shares, and all documents and instruments incident thereto, shall be satisfactory in substance and form to Buyer, and Buyer shall have received all such documents and instruments, or copies thereof, certified if requested, as they may reasonably request. This Purchase Agreement and the sale of the Shares shall have been approved in accordance with the applicable requirements of the laws of the State of California.

7.4. <u>Delivery of Documents</u>. Seller shall have furnished Buyer with all documents, certificates and other instruments required to be furnished to Buyer by Seller pursuant to the terms hereof.

7.5. <u>No Litigation</u>. No material litigation, governmental action or other proceedings shall have been threatened in good faith or commenced with respect to the consummation of the transactions contemplated hereby.

7.6. <u>Waiver</u>. Any or all of the Conditions to Obligations of Buyer set forth in this Section 7 may be waived by Buyer at its sole election by notice in writing to Seller.

8. Conditions to Obligations of Seller.

The obligation of Seller to sell the Shares on the Closing Date is subject to the satisfaction of each of the following conditions at or before the Closing Date:

8.1. Accuracy of Representations and Warranties. The representations and warranties of Seller and Buyer set forth herein, in any Schedule hereto and in any letter, statement, certificate or other document delivered to Seller pursuant hereto or in connection with the transactions contemplated hereby shall have been true and correct when made and shall be true and correct at and as of the Closing, except as affected by the transactions contemplated hereby.

8.2. Payment of Purchase Price. Payment of the Purchase Price in accordance with Section 2 hereto shall have been made by Buyer.

8.3. Bankruptcy Court Approval. The United States Bankruptcy Court, Eastern District of California, in Case Number 09-42577, Debtors James Geyer and Linda Geyer, shall have finally and unconditionally approved this Agreement and the transactions contemplated hereby.

8.4. Other Approvals. All corporate and other proceedings in connection with the purchase and sale of the Shares, and all documents and instruments incident thereto, shall be satisfactory in substance and form to Seller and its counsel, and Seller and its counsel shall have received all such documents and instruments, or copies thereof, certified if requested, as they may reasonably request.

8.5. Documents. Buyer shall have furnished Seller with all documents, certificates and other instruments required to be furnished to Seller by Buyer pursuant to the terms hereof.

8.6. Waiver. Any or all of the conditions to Obligation of Seller set forth above may be waived by Seller by notice in writing to Buyer.

9. Deliveries to Buyer on the Closing Date. Seller shall deliver or cause to be delivered to Buyer on the Closing Date pursuant to the terms hereof, the items to be delivered by Seller.

10. Deliveries to Seller on the Closing Date. Buyer shall deliver or cause to be delivered to Seller on the Closing Date pursuant to the terms hereof, the items to be delivered by Buyer.

11. Survival of Representations. All representations and warranties of the parties hereto contained in this Agreement or otherwise made in writing in connection with the

transactions contemplated hereby (in each case except as affected by the transactions contemplated by this Agreement) shall survive the making of this Agreement, any examination by or on behalf of such parties, and the Closing for a period of twelve (12) months.

12. **Expenses.** Each party shall be responsible for its own expenses incurred in connection with the preparation of this Agreement and with the consummation of the transactions contemplated hereby, except as otherwise expressly provided herein.

13. **Notices.** All notices, requests, demands and other communications made hereunder shall be in writing and shall be deemed duly given if delivered or sent by registered or certified mail, postage prepaid, as follows, or to such other address or person as either party may designate by notice to the other party hereunder:

IF TO BUYER:

Charles Geyer
P.O. Box 111
Arbuckle, CA 95912

IF TO SELLER:

Michael G. Kasolas, Trustee
of the Bankruptcy Estate of
James Geyer and Linda Geyer
c/o McNutt Law Group, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105

14. **Amendments.** This Agreement cannot be changed or terminated orally and no waiver of compliance with any provision or condition hereof and no consent provided for herein shall be effective unless evidenced by an instrument in writing duly executed by the proper party.

15. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns, but this Agreement may not be assigned by Seller without the prior written consent of the Buyer.

16. **Waiver.** Any of the terms or conditions of this Agreement may be waived at any time, in writing, by the party entitled to the benefit thereof, but no such waiver shall affect or impair the right of the waiving party to require observance, performance, or satisfaction either of that term or condition as it applies on a subsequent occasion or of any other term or condition hereof.

17. <u>Parties in Interest</u>. Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons other assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any party to this Agreement, nor shall any provision give any third persons any right of subrogation or action over against any party to this Agreement.

18. <u>Specific Performance</u>. Each party's obligations under this Agreement are unique. The parties each acknowledge that, if any party should default in performance of the duties and obligations imposed by this Agreement, it would be extremely impracticable to measure the resulting damages. Accordingly, the non-defaulting party, in addition to any other available rights or remedies, may sue in equity for specific performance, and the parties each expressly waive the defense that a remedy in damages will be adequate.

19. <u>Captions</u>. All paragraph captions are for reference only and shall not be considered in construing this Agreement.

20. <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of the Agreement shall continue in full force and effect and shall in no way be impaired or invalidated.

21. <u>Governing Law</u>. The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the law of California, excluding its conflict of laws rules.

22. <u>Exhibits</u>. All exhibits to which reference is made are deemed incorporated in this Agreement whether or not actually attached.

23. <u>Time</u>. Time is of the essence of this Agreement.

24. <u>Gender and Number</u>. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

25. <u>Miscellaneous</u>. This Agreement sets forth the entire understanding of the parties and supersede any and all prior agreements, arrangements and understandings relating to the subject matter hereof. This Agreement shall be construed in accordance with the laws of the State of California. This Agreement may be executed in two counterparts, and both such counterparts shall constitute one and the same instrument.

SELLER

_____
MICHAEL G. KASOLAS, Trustee of the
Bankruptcy Estate of James Geyer and Linda Geyer


BUYER

_____
CHARLES GEYER